**UNITED STATES of America,**

v.

**Morton BRILLIANT, Defendant.**

**Cr. No. 45362.**

United States District Court
E. D. New York.

May 9, 1959.

Walter & Tepper, Brooklyn, N. Y., Attorneys for the Defendant, by Julian C. Tepper, Brooklyn, N. Y., of counsel, for the motion.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., by Richard B. Cooper, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, in opposition.

RAYFIEL, District Judge.

On April 1, 1958 a 16-count indictment was returned against the defendant-appellant, charging him with aiding, assisting, counseling or procuring the preparation and filing of false and fraudulent income tax returns, in violation of § 3793(b) (1) of the Internal Revenue Code of 1939 and § 7206(2) of the Internal Revenue Code of 1954 (Title 26 U.S.Code).

On November 21, 1958, after a five-day trial, a jury found him guilty on all sixteen counts of the indictment, and on December 19, 1958 he was sentenced to imprisonment for two years on each of said counts, the sentences to run concurrently. I denied his application to be released on bail pending appeal. On December 30, 1958, which, it will be noted, was not within the ten day period provided by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C., a notice of appeal from said judgment was filed in the office of the Clerk of this Court by his then attorneys.

On March 25, 1959 the defendant-appellant filed a motion under § 2255 of

Title 28 U.S.Code, to vacate the said judgment of conviction and the sentence imposed thereunder, and on March 26, 1959 he filed a motion under § 1915 of said Title for leave to appeal in forma pauperis from said judgment. I assigned Julian C. Tepper, Esq., an able and experienced attorney, to represent him in the latter application, making available to him all necessary records, including a complete transcript of the proceedings in the trial.

The affidavits of the defendant-appellant, submitted in support of both motions prior to the assignment of counsel, are replete with utterly baseless accusations, charging, among many other things, fraud in the obtainment of the indictment, "Fraud before the Grand Jury", supression of evidence, and subornation of perjury. These, as well as the remaining charges, were doubtless considered by Justice Harlan, of the United States Supreme Court, and Judge Learned Hand, of the Court of Appeals, who denied his application for release on bail pending appeal. I have reason to believe that the transcript of the trial, which had been made available to the defendant-appellant, was considered by Justice Harlan in passing upon said application. In his affidavit the defendant-appellant dwells persistently on the claim that witnesses for the prosecution were guilty of perjury, and that the Government suborned or had knowledge of such perjury. He offers not a scintilla of proof to support his charges. Even if their testimony were false—and obviously the jury did not believe so—the movant has not shown, as he is required to do, that the Government had knowledge of that fact. When a claim is made that the prosecution colluded with witnesses to commit perjury, or had knowledge that they had done so, the person making such claim has the burden "to allege and prove, not conclusions, but facts which would entitle him to relief". Smith v. United States, 5 Cir., 252 F.2d 369, 371, certiorari denied 357 U.S. 939, 78 S.Ct. 1388, 2 L.Ed.2d 1552.

Counsel for the defendant-appellant offers for the Court's consideration, but without comment, the aforementioned points and claims made in the defendant's affidavit. He relies chiefly on the claim that there was an unauthorized communication with the jury during its deliberations by the Court's law clerk. That claim is stated in the defendant's affidavit as follows: "the trial judge instructed the jury, during his charge to the jury as follows:

" 'You will take each of these sixteen counts and consider each one of them separately, and render a verdict with respect to each one of the sixteen counts'.

"After the jury retired to deliberate its verdict, the judge left the court room and his chambers; and during his absence, the jury sent out a question to the judge, regarding the above instruction. In the absence of the judge, the judge's clerk replied to the jury's question, with the consent of counsel for both sides, and instructed the jury to consider all counts of the indictment together, directly contrary to the judge's instructions, supra. The jury actually returned its verdict, not on each count separately, but as 'guilty on all counts' ".

Here, again, the defendant-appellant's claim is wholly devoid of truth. The court's law clerk did not reply to the jury's inquiry orally, but manually delivered to the jury a stipulation in writing, signed by counsel for the Government and the defendant, a copy of which follows:—

"We stipulate that the following may be given in answer to the jury.

" 'Your verdict must cover *each individual count of the indictment*'

signed Warren Max Deutsch
(United States Attorney)

J. F. X. Sheridan
(attorney for the defendant)

F. McArdle
(attorney for the defendant)

(Emphasis and matter in parenthesis added)."

Counsel contends further that the reply (the aforementioned stipulation) to the jury's inquiry was ambiguous. There is no record of, and none of those involved in the matter recollects, the specific inquiry of the jury, but it is reasonable to assume that the reply was responsive, and apparently unambiguous to the jury, since it did not repeat its inquiry, and returned its verdict as follows: (S.M. pp. 494 and 495)

"The Clerk: Madam Foreman and ladies and gentlemen of the jury, have you agreed upon a verdict?

"The Foreman: We did.

"The Clerk: How do you find the defendant on Count 1?

"The Foreman: Guilty on all 16 counts.

"The Clerk: Guilty on counts 1 to 16?

"The Foreman: That is right.

"The Clerk: Madam Foreman, and ladies and gentlemen of the jury: As the Court has received your verdict, you say that you find the defendant guilty on Counts 1 to 16, and so say you all? (There was no dissenting response.)

"Mr. Sheridan: May we have the jury polled?

"The Court: Yes (The jury was polled.)"

Mr. Tepper relies chiefly on the following three cases to support the defendant-appellant's contention that there has been interference with the deliberation of the jury herein: United States v. Sorcey, 7 Cir., 151 F.2d 899, Wheaton v. United States, 8 Cir., 133 F.2d 522 and United States v. Compagna, 2 Cir., 146 F.2d 524.

The claim in this case is less tenable than that urged by the defendant in the Sorcey case, in which the message to the jury was delivered orally by the bailiff. In the instant case there was, as hereinbefore stated, a written stipulation, signed by the Assistant United States Attorney and both of defendant's counsel, and manually delivered to the jury. Incidentally, in Sorcey, the Court of Appeals affirmed the judgment of conviction.

The Wheaton case, supra, in which the judgment of conviction was vacated, is clearly distinguishable from the case at bar. In that case the jury had been unable to agree on a verdict after some twenty hours of deliberation, and it requested the bailiff to deliver a note to the trial judge, informing him of that fact. The bailiff delivered the note and returned to the jury room, stating that the trial judge could do nothing about it. He remained in the jury room for some twenty-five or thirty minutes, discussing the case with several of the jurors, and informed them that if they were unable to agree upon a verdict they would be obliged to remain there until ten o'clock the next day, a further period of some twenty-two hours. Five of the jurors in the case submitted affidavits in support of the defendant's motion to vacate the judgment, charging the bailiff with a number of improprieties, any one of which would have justified a reversal of the judgment of conviction.

In the Compagna case, at page 528 of 146 F.2d supra, the court affirmed the judgment of conviction, stating, "As to the visit of the judge, (to the jury room) it is true that the courts are extremely jealous of anything of the kind, once the jury has been locked up; and we do not wish to abate that jealousy in the least; it is most undesirable that anything should reach a jury which does not do so in the court room. This is, indeed, too well settled for debate. * * * But, like other rules for the conduct of trials, it is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm has been done, it would be the merest pedantry to insist upon procedural regularity." (Matter in parenthesis added). The hearing requested by counsel for the defendant is unnecessary since there is no dispute as to the facts.

I am convinced that in the instant case the acts complained of resulted in no harm or prejudice to the defendant. It should be noted, also, that, as herein-

above stated, the Court directed that the sentences of two years on each count should run concurrently.

In my opinion the files and records in the case conclusively show that the defendant-appellant is not entitled to relief under Section 2255, supra.

The facts hereinabove stated apply equally to his application under § 1915, supra, for leave to appeal in forma pauperis. The Government witnesses, including the taxpayers whose tax returns were involved in the case, were frank and forthright. Their testimony pointed overwhelmingly to his guilt. It is my belief that the defendant's appeal is frivolous and consciously so, and I accordingly certify that it is not taken in good faith. Both orders are denied. Settle order.

I wish to express my thanks to Mr. Tepper for his faithful and efficient services in the defendant-appellant's behalf.