**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Morton BRILLIANT, Defendant-
Appellant.**

**Nos. 154, 155, Dockets 25723, 25885.**

United States Court of Appeals
Second Circuit.

Argued Dec. 7, 1959.

Decided Jan. 28, 1960.

Julian C. Tepper, Brooklyn, N. Y., for appellant.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, for appellee, Richard B. Cooper, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Before LUMBARD, Chief Judge, and SWAN and FRIENDLY, Circuit Judges.

SWAN, Circuit Judge.

After trial to a jury appellant was convicted on all sixteen counts of an indictment charging him with aiding, assisting, counseling and procuring the preparation and filing of false and fraudulent income tax returns for the calendar years 1952, 1953 and 1954, in violation of § 3793(b) (1) of the 1939 Code, 26 U.S.C.A. § 3793(b) (1) and § 7206(2) of the 1954 Code, 26 U.S.C.A. § 7206(2). He was sentenced on December 19, 1958 to a prison term of two years on each of the counts to be served concurrently. He elected to commence serving his sentence immediately.

■ Before reaching the merits of the appeal it is necessary to consider the appellee's motion to dismiss the appeal for lack of jurisdiction. The judgment was entered December 19, 1958. Consequently the ten days prescribed by Rule 37 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. expired on December 29, 1958. Asserting that notice of appeal was not filed until December 30, 1958, and relying on United States v. Isabella, 2 Cir., 251 F.2d 223, the appellee moved for dismissal.[1] Affidavits submitted in opposition to the motion established that timely notice of appeal was filed in the office of the Clerk of the district court on December 29, although the five dollar fee for docketing was not paid until the following day. The fact that the notice of appeal was unaccompanied by the filing fee does not in our opinion impair its validity. Oddo v. United States, 2 Cir., 171 F.2d 854, 855, 858. Accordingly the motion to dismiss the appeal in No. 154 is denied.

We turn now to the merits of the appeal. All of the contentions advanced in counsel's brief are based on an unauthorized communication with the jury during its deliberations. The facts concerning this incident are set out in detail in Judge Rayfiel's opinion in the § 2255 proceeding, reported in 172 F. Supp. 712. For present purposes it will

suffice to say that at a time when the judge was neither in court nor in chambers the jury sent in a question in writing which the parties stipulated should be answered during the court's absence. The text of the answer is as follows:

"We stipulate that the following may be given in answer to the jury:

'Your verdict must cover each individual count of the indictment.' "

The court's charge had instructed the jury to consider each of the sixteen counts separately and render a verdict with respect to each of them. When the jury returned its verdict, the Clerk asked "How do you find the defendant on count 1?" And the Foreman replied: "Guilty on all 16 counts." The appellant now argues that this indicates that the jury was confused by the stipulated answer and failed to follow the court's instruction to consider each count separately.

■■ We think the contention lacks merit. It is true that a jury must be jealously guarded against unauthorized communications during its deliberations; however, as stated in United States v. Compagna, 2 Cir., 146 F.2d 524, 528, certiorari denied 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422:

" * * * But, like other rules for the conduct of trials, it is not an end in itself; and, while lapses should be closely scrutinized, when it appears with certainty that no harm was done, it would be merest pedantry to insist upon procedural regularity."

Moreover, in Rumely v. United States, 2 Cir., 293 F. 532, 557, certiorari denied 263 U.S. 713, 44 S.Ct. 38, 68 L.Ed. 520, it was held that after consenting to have papers go to the jury, counsel could not have the verdict set aside on that ground. In the § 2255 opinion, 172 F.Supp. 712, at page 714, Judge Rayfiel expressed his conviction "that in the instant case the acts complained of resulted in no harm or prejudice to defendant." We agree. There was no ambiguity in the stipulated

1. United States v. Isabella accords with the recent decision of the Supreme Court in United States v. Robinson, 1960, 80 S.Ct. 282.

answer to the jury's question nor in the jury's verdict. The appeal in No. 154 is affirmed.

■ On March 25, 1959 appellant *moved under 28 U.S.C.A. § 2255* to vacate the sentence he was then serving under the aforesaid judgment of December 19, 1958. The motion was denied on May 25, 1959. Appellant forthwith appealed. This is the appeal in No. 155. Since the § 2255 proceeding was instituted while the appeal was pending from the judgment of conviction and sentence entered December 19, 1958, the right to maintain the proceeding is dubious. In United States v. Angelet, 2 Cir., 255 F.2d 383, 384, we said that "A motion under § 2255 cannot ordinarily be used in lieu of an appeal to correct errors committed in the course of a trial," citing United States v. Walker, 2 Cir., 197 F.2d 287, 288, certiorari denied 344 U.S. 877, 73 S.Ct. 172, 97 L.Ed. 679. The Ninth Circuit, in Black v. United States, 269 F.2d 38, at page 41 stated: "Such a motion may not be entertained if there is a pending appeal in good standing, since the disposition of the appeal may render the motion unnecessary." In the case at bar the § 2255 proceeding alleged substantially nothing that was not disclosed in the record of the pending appeal. Under these circumstances we think the district court might well have refused to entertain the motion under § 2255, rather than to deny it on the merits. But since denial was justifiable on either ground, the order should be affirmed, unless the fact that appellant has been paroled has rendered the appeal moot.[2]

A district court is without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion if the relator or movant is not in custody.[3] If he is released from custody during pendency of an appeal, the appeal should be dismissed as moot. Weber v. Squier, 315 U.S. 810, 62 S.Ct. 800, 86 L.Ed. 1209. However, 18 U.S. C.A. § 4203 provides that a parolee, while on parole is "in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which he was sentenced." Hence we do not think the appeal can be dismissed as moot.[4]

Both appeals are affirmed.

2. By stipulation of the parties and a letter of the United States Attorney giving the date of parole, it appears that appellant was released from Federal Detention Headquarters on parole on September 30, 1959.

3. United States ex rel. Bradford v. Thompson, 2 Cir., 185 F.2d 1021; United States v. Bradford, 2 Cir., 194 F.2d 197 (discussing the matter at length), certiorari denied 343 U.S. 979, 72 S.Ct. 1079, 96 L.Ed. 1371; Johnson v. Eckle, 6 Cir., 269 F. 2d 836.

4. See United States v. Bradford, 2 Cir., 194 F.2d 197, 200, where Judge L. Hand stated: "Finally, it is to be noted that a convict, paroled under Chapter 311 of Title 18 U.S.C., is 'in legal custody,' because § 4203 expressly so declares; and on that account it is conceivable that Bradford might have been in position to review his conviction by habeas corpus or § 2255, if he had been paroled."