**William J. POWERS, Jr., Plaintiff-Appellant,**

v.

**CITIZENS UNION NATIONAL BANK AND TRUST COMPANY et al., Defendants-Appellees.**

No. 15864.

United States Court of Appeals Sixth Circuit.

April 6, 1964.

William J. Powers, Jr., in pro. per.

William L. Wallace, Scott Reed, Lexington, Ky., for appellees.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

The factual background of this case is stated in Powers v. Slaton, 314 F.2d

5. Travelers Insurance Company v. Calbeck, 293 F.2d 52, 60 (5th Cir. 1961).

413, C.A. 6th, cert. denied, 375 U.S. 895, 84 S.Ct. 171, 11 L.Ed.2d 124.

Following the judgment of the District Court dismissing Powers' complaint against the defendant, 221 F.Supp. 617, Powers, a layman and representing himself, filed a Notice of Appeal in the District Court. The Notice of Appeal was not accompanied by the $5.00 filing fee at the time it was delivered to the Clerk of the District Court. When this was called to appellant's attention he paid the filing fee some nine days later. However, he did not execute a bond for costs on appeal, as required by Rule 73(c), Rules of Civil Procedure.

Appellant transmitted the record on appeal to the Clerk of the Court of Appeals within the forty-day period provided by Rule 73(g), Rules of Civil Procedure. It was not accompanied by payment of the filing fee of $25.00 in the Court of Appeals. The Clerk did not docket the appeal but called on appellant to pay the fee. Appellant promptly wired the $25.00 to the Clerk, but through some mistake it was not paid to the Clerk until some ten days later, after the expiration of the forty-day period for docketing the appeal. The Clerk has acted properly in not as yet having docketed the appeal out of time without an order of the Court to do so.

Appellant has moved in this Court to docket the appeal. Appellee has moved to dismiss the appeal.

Appellant's motion to docket the appeal out of time is sustained. Rule 73 (a), Rules of Civil Procedure; Ispass v. Pyramid Motor Freight Corp., 152 F.2d 619, 621, C.A.2nd, reversed on other grounds, 330 U.S. 695, 697, 67 S.Ct. 954, 91 L.Ed. 1184; Arline v. Brown, 190 F. 2d 180, 183, C.A. 5th.

Appellee's motion to dismiss the appeal is based upon the fact that the Notice of Appeal was not "filed" in the District Court Clerk's office until December 30, 1963, which was more than thirty days after the entry of the order appealed from on November 22, 1963. Rule 73(a), Rules of Civil Procedure; Marten

v. Hess, 176 F.2d 834, 835, C.A.6th; Deena Products Co. v. United Brick & Clay Workers, 195 F.2d 612, C.A.6th, cert. denied, 344 U.S. 822, 73 S.Ct. 21, 97 L.Ed. 640.

The Notice of Appeal was received by the District Court Clerk on December 21, 1963, which was within the thirty-day period provided by the Rule, but was marked "Tendered" by the Clerk instead of "Filed" because the filing fee of $5.00 did not accompany the Notice of Appeal at that time. The filing fee was received by the Clerk on December 30, 1963, and the Notice of Appeal was marked "Filed" on that date.

■ The Clerk of the District Court acted properly in not marking the Notice of Appeal as "Filed" until he received payment of the $5.00 filing fee. However, we are of the opinion that the failure to pay the filing fee within the thirty-day period does not impair the validity of the Notice of Appeal, which was timely tendered to the Clerk, and that the Notice of Appeal was accordingly timely filed. United States v. Brilliant, 274 F. 2d 618, 619, C.A.2nd, cert. denied, 363 U.S. 806, 80 S.Ct. 1242, 4 L.Ed.2d 1149; United States v. Bostic, May, 1963, unreported, C.A. 6th.

■ Appellant has not executed a bond for costs on appeal required by Rule 73(c), Rules of Civil Procedure. He contends that such a bond is unnecessary and should not be required of him because the appellee bank has in excess of $13,000.00 of appellant's money on deposit in its bank and can recover its costs in the District Court by merely walking across the street from the Court to the bank. This does not excuse compliance with the rule.

■ Although failure to execute a bond for costs on appeal has been generally considered as not being jurisdictional, Rule 73(a), Rules of Civil Procedure; St. Marie v. United States, 108 F.2d 876, 880, C.A.9th, cert. denied, 311 U.S. 652, 61 S.Ct. 35, 85 L.Ed. 417; Moore's Federal Practice, Section 73.11, Note 2, page 3153, failure to execute

such a bond unless exempted by law, is grounds for dismissal of the appeal. Rule 73(a), Rules of Civil Procedure; Beecher v. Smithson, 217 F.2d 304, 305, C.A. 9th, cert. denied sub nom. Beecher v. Leavenworth State Bank, 349 U.S. 945, 75 S.Ct. 873, 99 L.Ed. 1271, rehearing denied, 350 U.S. 855, 76 S.Ct. 39, 100 L.Ed. 760.

■ Appellant is given ten days from the date of the entry of this order to execute the appeal bond required by Rule 73(c), Rules of Civil Procedure.

A ruling on appellee's motion to dismiss the appeal is passed until after the expiration of that time.