Application of **Robert Edward LIPS-COMB** for a Writ of Habeas Corpus.

No. 18942.

United States Court of Appeals
Sixth Circuit.

April 7, 1969.

Robert Edward Lipscomb, in pro. per.

Robert J. Grace, U. S. Atty., Franklin G. Koory, Asst. U. S. Atty., Detroit, Mich., for appellee.

Before O'SULLIVAN and PHILLIPS, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Robert Edward Lipscomb, applicant, from an order of the United States District Court for the Eastern District of Michigan, Southern Division, denying his application for a writ of habeas corpus. We will refer to Lipscomb by name or as appellant.

Lipscomb, according to the statement of the case in his brief, was convicted in the United States District Court for the Eastern District of Missouri on April 6, 1951 and sentenced to imprisonment for 25 years. He claims, although it does not appear in the record, that the sentence was reduced to 20 years on or about June 30, 1966. Thereafter, on July 2, 1966 he was released from custody subject to the provisions of Section 4164 [1], Title 18, U.S.C.

Shortly after February 20, 1968 the appellant was arrested in Detroit on a warrant charging him with parole violation. On March 13th he applied in the District Court for the Eastern District of Michigan for a writ of habeas corpus, alleging that he was held in illegal custody by reason of the warrant of arrest. Subsequently on or about March 23rd the appellant filed a supplement to his application by which he alleged that his sentence had expired and that he was no longer subject to parole supervision or restraint. On March 22nd, the Parole Board granted the appellant a hearing on the warrant and thereafter, on April 19th he was released from custody and restored to parole.

The district judge denied the application for a writ of habeas corpus on April 17, 1968. The court held that Lipscomb had not served his sentence and that he was in the lawful custody of the United States Marshal pending a hearing before the Parole Board on the warrant charging parole violation. He filed a petition for rehearing on April 29th in which he set forth more specifically facts concerning the reduction of his sentence. He claimed further that even though he was no longer in custody under the warrant of arrest he was entitled to test the legality of the Parole Board's continued supervision and jurisdiction over him.

---

1. "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody."

The question raised by the appellant on his original application that he was being illegally held on the warrant of arrest is now moot since he is no longer in custody on that warrant. This leaves the only question, raised by appellant's application, now before the Court, whether the appellant has served his sentence by reason of the time he was actually confined plus credit for good time allowance while confined and while on parole.

In Hill v. United States, 368 U.S. 424, 426, 82 S.Ct. 468, 470, 7 L.Ed.2d 417 the Court said:

"Section 2255 of Title 28, U.S.C., provides that a prisoner in custody under sentence of a federal court may file a motion in the 'court which imposed the sentence to vacate, set aside or correct the sentence.' The statute states four grounds upon which such relief may be claimed: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States;' (2) 'that the court was without jurisdiction to impose such sentence;' (3) 'that the sentence was in excess of the maximum authorized by law;' and (4) that the sentence 'is otherwise subject to collateral attack.' "

The sentence which is under attack by the appellant was imposed upon him by the United States District Court for the Eastern District of Missouri. The appellant must, therefore, seek his remedy under Section 2255 in that court. In Gajewski v. Stevens, 346 F.2d 1000 (C.A. 8), the court dismissed a petition under Section 2255 where an appellant filed a motion in a Minnesota District Court when he had been sentenced in a North Dakota District Court. The Court said at p. 1002:

"28 U.S.C.A. § 2255 specifically provides that a writ of habeas corpus shall not be entertained if petitioner has not applied for and been denied relief by the sentencing court unless it appears that the § 2255 remedy is inadequate to test the legality of the confinement. In the present action, defendant has made no allegation with respect to the unavailability or inadequacy of a § 2255 relief at the time he filed his present petition. There is no showing that defendant has raised by a § 2255 proceeding in the sentencing court the issues he here raises. Absent such showing, the court was without jurisdiction to entertain the petition. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Burdette v. Settle, 8 Cir., 296 F.2d 687; Simmons v. United States, 8 Cir., 253 F.2d 909."

In Brown v. Warden, U. S. Penitentiary, 351 F.2d 564, 568 (C.A. 7), the court held that Section 2255 was an exclusive remedy. See also Barkan v. United States, 341 F.2d 95, 96 (C.A. 10), cert. den. 381 U.S. 940, 85 S.Ct. 1773, 14 L.Ed. 2d 703; Rivera v. Heritage, Warden, 314 F.2d 332 (C.A. 5), cert. den., 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 rehear. den., 375 U.S. 926, 84 S.Ct. 268, 11 L.Ed.2d 169; Sims v. Willingham, 300 F.2d 162, (C.A. 3).

This Court and the District Court for the Eastern District of Michigan having no jurisdiction to hear and determine the question the appellant raises by the amendment to his original application for a writ of habeas corpus, by the appropriate remedy under Section 2255, the judgment of the District Court is affirmed.