**UNITED STATES of America ex rel. Joseph CALABRO, Appellant,**

**v.**

**UNITED STATES MARSHAL FOR the EASTERN DISTRICT OF NEW YORK, and/or Warden of the Federal House of Detention, County of New York, Southern District of New York, Appellee.**

**No. 708, Docket 72–1193.**

United States Court of Appeals, Second Circuit.

Submitted June 30, 1972.

Decided Aug. 23, 1972.

Joseph Aronstein, New York City, for appellant.

Robert A. Morse, U. S. Atty., E. D. New York, and Marshall Tamor Golding, Atty., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before MOORE, SMITH and TIMBERS, Circuit Judges.

PER CURIAM:

Joseph Calabro filed a petition for issuance of a writ of habeas corpus in the United States District Court for the Southern District of New York on February 7, 1972, claiming deprivation of his constitutional right to counsel during the course of a criminal trial in the United States District Court for the Eastern District of New York, in which he had only a week previous to the filing of the petition been found guilty as charged, and in which he was due to be sentenced shortly. The petition for habeas corpus was denied by Judge Inzer B. Wyatt of the Southern District as frivolous, "an attempt to trifle with this Court." We affirm the denial and dismissal of the application.

Calabro was convicted on January 28, 1972 after trial before a jury and Chief Judge Jacob Mishler of the Eastern District on one count of conspiracy to forge and utter United States postal money orders and Series E Savings Bonds. Finding a short delay before sentencing unavoidable, the court raised Mr. Calabro's bail after the verdict was returned, giving him until February 7th to post bond. Failing to do so, Calabro was incarcerated in the Federal House of Detention, located in Manhattan, and he filed his petition that day, the 7th. It was denied without hearing by Judge Wyatt the next day, and on February 9th, Calabro posted bond and was released on bail. Sentence of five years imprisonment was imposed in the Eastern District on February 18, 1972, and an appeal was noted on February 25. On that appeal, pending before this court at the present time, the issue of the alleged denial of assistance of counsel is fully presented.

The court below, with jurisdiction over the application based on Calabro's temporary detention in the Southern District, found the petition in essence a request to review for error a trial held in another judicial district while appeal in that district was still open. The court properly denied the application while the case was in that posture. Collateral relief is rightly withheld from a defendant who has "deliberately bypassed the orderly federal procedures provided . . . by way of appeal." Kaufman v. United States, 394 U.S. 217, 227, n.8, 89 S.Ct. 1068, 1075, 22 L.Ed.2d 227 (1969); United States v. Walker, 197 F.2d 287 (2d Cir.), cert. denied, 344 U.S. 877, 73 S.Ct. 172, 97 L. Ed. 679 (1952); see Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Henry v. Mississippi, 379 U.S. 443, 451–452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

Moreover, even were a conviction subject to collateral attack while direct appeal remains available, the proper remedy for a federal prisoner is a motion directed to the sentencing court, under 28 U.S.C. § 2255, requesting that it vacate the judgment. Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970); Application of Lipscomb, 408 F.2d 1003 (6th Cir.), cert. denied, 396 U.S. 993, 90 S.Ct. 487, 24 L.Ed.2d 455 (1969), reh.

denied, 396 U.S. 1047, 90 S.Ct. 692, 24 L.Ed.2d 694 (1970); Gajewski v. Stevens, 346 F.2d 1000 (8th Cir. 1965). Appellant's attempt to dodge the requirement of § 2255 by filing an application prior to sentence was properly rejected by the district court. United States v. Brilliant, 274 F.2d 618 (2d Cir.), cert. denied, 363 U.S. 806, 80 S.Ct. 1242, 4 L.Ed.2d 1149 (1960).* The filing of an appeal after imposition of sentence and the presentation of his claims in that proceeding are proper steps, which have now been taken, in the adjudication of appellant's claims of error. The petition filed in the Southern District was not.

Denial and dismissal of petition for writ of habeas corpus affirmed.

---

* We note that as Calabro has been released on bail in the constructive custody of the United States Marshal for the Eastern District of New York and is in no way in custody in the Southern District, this appeal might be dismissed as moot, for no present basis exists for the exercise of jurisdiction by the Southern District court. United States v. Brilliant, *supra*, 274 F.2d at 620.