*Watson v. Maryland,* 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987 (1910).

Viewing the matter in light of the *Griffith, supra* standards, the Legislature's decision to exempt partnerships from raising the defense of usury is a valid exercise of its police power. We presume that when the Legislature amended 13 V.I.C. § 347, it was aware of and legislating in light of the definition of partnership as found in 26 V.I.C. § 21(a) . . . "a partnership is an association of two or more persons to carry on as co-owners a business for profit." Thus, the challenged amendment does not affect those individuals who are not part of a business relationship. It is a reasonable assumption that allowing these business concerns to freely negotiate for loans will result in more money lent within the business community. Further, it is reasonable to assume that this money will stimulate greater business activity. Consequently, we cannot say that this classification is an unreasonable and "arbitrary selection without real difference between the subjects included and those omitted from the laws." *Id.,* 218 U.S. *at* 569, 31 S.Ct. at 133. As the classification is rational, promotes legitimate government ends and treats all within the class equally, it is not a denial of equal protection. *See, id.*

For the reasons stated herein, defendant Xerox' Motion to Dismiss was granting on August 10, 1983.

**Gary GRAVES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 83 Civ. 4047 (MP).**

United States District Court, S.D. New York.

Sept. 23, 1983.

Gary Graves, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant by David Liebov.

## MEMORANDUM

MILTON POLLACK, District Judge.

Graves moves for reconsideration of the denial of his Petition, pursuant to 28 U.S.C. § 2255. For the reasons shown hereafter, reconsideration is granted and no change in the previous decision is required.

Graves was convicted on two counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. He was sentenced to two consecutive two-year terms of imprisonment on May 3, 1983. Graves is currently serving this sentence while his case is on appeal.

On July 5, 1983, this Court denied Graves' petition for collateral relief under 28 U.S.C.

§ 2255 as premature, given the pendency of his appeal. On September 9, 1983, Graves sent this court his motion for reconsideration of his petition.

Graves' underlying claim is that he was denied adequate counsel at trial. Graves' motion for reconsideration notes that adequacy of counsel claims cannot normally be advanced on appeal, but must be raised on a petition for collateral relief. Graves' apparently believes that dismissal of his petition for collateral relief due to the pendency of his appeal was inappropriate, in light of the fact that he cannot advance his adequacy of counsel claim on appeal.

Several Circuit Courts of Appeal have held that claims of ineffective assistance of counsel cannot normally be raised on appeal, but must be raised for the first time in proceedings under 28 U.S.C. § 2255. *United States v. Kazni,* 576 F.2d 238 (9th Cir. 1978); *United States v. Rodriquez,* 582 F.2d 1015 (5th Cir.1978). Even in these circuits, however, inadequacy of representation may be raised on appeal where the trial record is adequate to permit assessment of the inadequacy claim. *United States v. Porter,* 431 F.2d 7 (9th Cir.1970), cert. denied, 400 U.S. 960, 91 S.Ct. 360, 27 L.Ed.2d 269 (1970); *United States v. Brown,* 591 F.2d 307 (5th Cir.), cert. denied, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Thus, even in these circuits, inadequacy of counsel is at least a potentially appealable issue.

In the Second Circuit, "the usual method of challenging the effectiveness of defense counsel in a federal criminal trial is by a collateral attack on the conviction under 28 U.S.C." *United States v. Aulet,* 618 F.2d 182 (2d Cir.1980). In *Aulet,* however, the court noted:

> This is not to say that the issue of ineffective assistance of counsel cannot be raised on direct appeal, i.e., after the denial of a motion for a new trial under Fed.R.Crim.P. Rule 33. Like the § 2255 procedure, this option makes possible the development of a factual record which can be made available to the appellate court if an appeal is taken.

*Aulet,* supra at 186, n. 3. In the Second Circuit, a defendant is thus not completely foreclosed from asserting the inadequacy of trial counsel on appeal.

As a convict may assert on appeal the ineffectiveness of . his trial counsel, the premise on which Graves' motion for reconsideration is fatuous. Even if it were true that a defendant could not assert such inadequacy on appeal, Graves has cited no case in this Circuit indicating that a defendant has the right to seek immediate collateral relief, rather than wait for the results of his appeal on other issues, where the defendant seeks relief on the basis of the asserted ineffectiveness of trial counsel. In fact, the case law appears to hold the opposite.

In *United States ex rel. Calabro v. United States Marshal for the Eastern District of New York,* 466 F.2d 1350 (2d Cir.1972), the Court held that a habeas corpus petitioner's pursuit of collateral relief on the basis of the asserted deprivation of petitioner's right to effective counsel at trial was untimely, given the pendency of an appeal from the conviction at the time of the filing of the petition. This decision by itself warrants denial of Graves' motion for reconsideration.

Although a defendant's ability to assert the inadequacy of his trial counsel on appeal is more circumscribed in the Fifth Circuit than in the Second, the Fifth Circuit nonetheless appears to require defendants to wait until after they have pursued appellate review of their convictions before asserting ineffectiveness of trial counsel on collateral review:

> As a general rule, claims of inadequate representation which have not been raised before the district court cannot be raised on direct appeal... Such claims have been relegated to *later* petitions under 28 U.S.C.A. § 2255.

*United States v. Brown,* supra at 310 (emphasis added).

Petition Denied.

SO ORDERED.