*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 04a0429p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

In re: CARDIZEM CD ANTITRUST LITIGATION.

---

EUGENIA WYNNE SAMS,

               *Plaintiff-Appellant,*

    *v.*

HOECHST AKTIENGESELLSCHAFT; ANDRX
PHARMACEUTICALS, INC.; AVENTIS PHARMACEUTICALS,
INC.,

               *Defendants-Appellees,*

FIFTY STATES; DISTRICT OF COLUMBIA and PUERTO
RICO; STATE LAW PLAINTIFFS,

               *Appellees.*

Nos. 03-2514/2635

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 99-01278; 99-73190—Nancy G. Edmunds, District Judge.

Argued: September 15, 2004

Decided and Filed: December 14, 2004

Before: NORRIS and DAUGHTREY, Circuit Judges; OLIVER, District Judge.[*]

---

## COUNSEL

**ARGUED:** Gordon Ball, Knoxville, Tennessee, for Appellant. Paul F. Novak, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, Robert L. Hubbard, DIRECTOR OF LITIGATION, ANTITRUST BUREAU, New York, New York, Albert L. Partee III, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, Richard W. Cohen, LOWEY, DANNENBERG, BEMPORAD & SELINGER, White Plains, New York, for Appellees. **ON BRIEF:** Gordon Ball, Knoxville, Tennessee, for Appellant. Paul F. Novak, OFFICE OF THE ATTORNEY GENERAL, Lansing, Michigan, Robert L. Hubbard, DIRECTOR OF LITIGATION, ANTITRUST BUREAU, New York, New York, Albert L. Partee III, OFFICE OF THE ATTORNEY GENERAL, Nashville, Tennessee, Richard W. Cohen, Peter D. St. Phillip, Jr., LOWEY, DANNENBERG, BEMPORAD & SELINGER, White Plains, New York, Joseph J.

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Tabacco, Jr., BERMAN, DeVALERIO, PEASE, TABACCO, BURT & PUCILLO, San Francisco, California, for Appellees.

---

**OPINION**

---

ALAN E. NORRIS, Circuit Judge. In case number 03-2514, plaintiff Eugenia Wynne Sams appeals from the district court's denial of her objections to the proposed settlement in this nationwide antitrust class action suit. In case number 03-2635, she appeals from a district court order imposing an appeal bond in the amount of $174,429.00. Because the district court properly calculated the amount of the appeal bond and Sams failed to either comply with the district court's order or request reconsideration of the amount by coming forward with evidence of hardship or impossibility, we affirm the order imposing the appeal bond in case number 03-2635 and dismiss plaintiff's appeal in case number 03-2514 for failure to post the bond.

**I.**

A detailed discussion of the facts giving rise to this litigation are found in a previous opinion by this court and will not be repeated here. *See In re Cardizem CD Antitrust Litigation*, 332 F.3d 896 (6th Cir. 2003). In the course of the proceedings below, a lawsuit was brought in the Eastern District of Michigan by several state attorneys general, asserting claims for monopolization, attempted monopolization, and agreements in restraint of trade in the market for Cardizem CD and its generic bioequivalents, in violation of federal and state antitrust and unfair competition or consumer protection laws. The attorneys general sought injunctive relief, civil penalties, damages, disgorgement, restitution, and other equitable relief. The attorneys general filed their action "in their proprietary capacities on behalf of departments, bureaus, and agencies of state government as injured purchasers or reimbursers; and as *parens patriae* on behalf of natural persons in their collective States, and their respective States' quasi-sovereign interests in fair competition and the health of their citizenry, and/or in their sovereign capacities." Order No. 76, Oct. 10, 2003 at 9. Their suit was consolidated with the others already before the district court.

Sams was one of the "State Law Class Plaintiffs." She originally brought suit under Tennessee antitrust law in state court, and her lawsuit was removed to the United States District Court for the Eastern District of Tennessee by defendants. Soon thereafter, the Judicial Panel on Multidistrict Litigation ("JPML") transferred her action to the Eastern District of Michigan. During the pendency of Sams' case, she made two motions requesting remand from the district court because pretrial proceedings had ended, both of which the district court denied on the ground that "[d]iscovery is incomplete, motions for class certification, as well as motions to dismiss are pending, summary judgment motions have yet to be filed and settlement negotiations are proceeding." Order No. 45, Oct. 29, 2002 at 2; *see also* Order No. 55, Jan. 29, 2003. Sams moved for a remand from the JPML as well, which also denied her motion. Order Denying Remand, June 20, 2003.

Sams also objected to the Tennessee Attorney General's assertion of *parens patriae* authority to represent all natural persons in Tennessee. The district court overruled that objection as well, finding that "the Tennessee courts have recognized that Tennessee's Attorney General has broad common law and statutory powers[.]" Order No. 68, Apr. 29, 2003 at 2.

On October 1, 2001, the district court issued an order grouping the cases before it into three categories for the purpose of case management. Case Mgmt. Order No. 7, Oct. 1, 2001. In so doing, the district court named lead counsel for the different groupings and required all other counsel to work through those attorneys.

On January 3, 2003, the district court preliminarily approved a class action settlement reached between lead counsel and the defendants after long negotiations facilitated through mediation. That

settlement involved the certification of a nationwide class of plaintiffs and the creation of a fund to be divided between members of the class.  The class to be certified consisted of the following:

> All consumers and Third Party Payers (including any assignees of such consumers or Third Party Payers) who purchased and/or paid all or part of the purchase price of Cardizem CD Products dispensed pursuant to prescriptions in the United States (including Puerto Rico) during the period January 1, 1998, through the date of this Preliminary Approval Order and all Designated Governmental Agencies.  Excluded from the Settlement Class are Defendants and any of their officers and directors.  Included in the Settlement Class are any and all members of any class or classes asserted in any State Action.

Order No. 59, Jan. 29, 2003 at 2-3.

The court heard objections to the proposed settlement at a fairness hearing on October 1, 2003, at which Sams renewed her request for a remand and her objection to the Tennessee Attorney General's assertion of *parens patriae* authority, and at which she argued that the definition of the class was insufficient to take into account differences in state antitrust laws; in particular, she claimed that Tennessee was among a group of states which permitted indirect purchasers to obtain relief under state antitrust law while another group of states did not, and that Tennessee offered a more generous measure of damages in antitrust than did other states.  The district court dismissed Sams' objections and concluded that the proposed settlement was fair, issuing its final approval of the settlement.  Order No. 76, Oct. 10, 2003.   Final judgment was entered on October 21, 2003, and Sams filed a notice of appeal on November 5, 2003.

After Sams filed her notice of appeal, the district court imposed an appeal bond requiring that Sams post $174,429.00 by January 5, 2004.  Corrected Order No. 82, Dec. 18, 2003.  Sams filed a notice of appeal to the order imposing the bond; however, she has not posted the appeal bond.

## II.

Sams challenges the propriety of the district court's imposition of an appeal bond under Fed. R. App. P. 7[1] in the amount of $174,429.00, consisting of $1,000.00 in filing and brief preparation costs, $123,429.00 in incremental administration costs, and $50,000 in projected attorneys' fees.[2]  Corrected Order No. 82 at 12.  Specifically, Sams challenges the propriety of including prospective administrative costs and attorneys' fees as part of the appeal bond.  She does not challenge the inclusion of the $1,000.00 in filing and brief preparation costs.

The States and State Law Plaintiffs argue that Sams' appeal should be dismissed for failure to pay the bond in the absence of any stay.  They cite to this court's decision in *Powers v. Citizens Union Nat'l Bank and Trust Co.*, 329 F.2d 507 (6th Cir. 1964), in which we determined that "[a]lthough failure to execute a bond for costs on appeal has been generally considered as not being jurisdictional . . . failure to execute such a bond unless exempted by law, is grounds for dismissal of the appeal." *Id*. at 508-09.

Sams never attempted to move for a stay, nor did she object to the entirety of the bond amount.  On appeal, however, Sams challenges the amount of the bond not only for its reasonableness but because she

---

[1]Fed. R. App. P. 7 reads as follows:

> **Bond for Costs on Appeal in a Civil Case.**  In a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal. Rule 8(b) applies to a surety on a bond given under this rule.

[2]The district court reduced the bond amount from the other class action plantiffs' original demand of $427,743.00, which was based upon a projected sixteen-month delay between the filing of an appeal and this court's decision.  Taking into account the plaintiffs' unopposed motion for an expedited appeal, the court reduced the sum to account for a six-month delay.

claims that attorney's fees and administrative costs cannot by law be included in it.  We therefore must determine what impediments can be placed in the path of a litigant seeking to appeal.

We review questions of law *de novo. Adsani v. Miller*, 139 F.3d 67, 71 (2d Cir. 1998).  Sams argues that the district court erred in not limiting the scope of the "costs" to be included in the appeal bond amount to those listed in Fed. R. App. P. 39 and 28 U.S.C. § 1920.[3]

Under the Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1 (1985), "costs" within the meaning of Fed. R. Civ. P. 68 were to be defined by reference to the statute that underlay the lawsuit:

> [G]iven the importance of "costs" to the Rule, it is very unlikely that th[e] omission [of a definition] was mere oversight; on the contrary, the most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority.

*Id*., 473 U.S. at 9.  The Court went on to conclude that, because the underlying statute in *Marek*, 42 U.S.C. § 1988, expressly included attorney's fees as "costs," attorney's fees were awardable under Rule 68 as "costs" as well.  *Id*.

Two courts of appeals have expressly applied the logic of *Marek* in interpreting the meaning of "costs" under Fed. R. App. P. 7, and found that attorney's fees could be included.  In *Adsani v. Miller*, *supra*, the Second Circuit determined that "where . . . [a] statute includes attorney's fees 'as part of the costs' which may be taxed upon appeal, the district court may factor these fees into its imposition of the bond for costs."  139 F.3d at 79.  The Second Circuit explicitly rejected the notion that Rule 39 defined "costs" throughout the Federal Rules of Appellate Procedure, finding that "Rule 39 has no definition of the term 'costs' but rather defines the circumstances under which costs should be awarded."  *Id*. at 75.  The court also noted that, although Fed. R. Civ. P. 54 formed a "costs" provision that could have been relevant to the definition of "costs" under Fed. R. Civ. P. 68, the Supreme Court in *Marek* did not define "costs" under Rule 68 by reference to Rule 54.  *Id*. at 74.

---

[3]The relevant portions of these rules read as follows:

**Costs on Appeal Taxable in the District Court.**  The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

**(1)** the preparation and transmission of the record;
**(2)** the reporter's transcript, if needed to determine the appeal;
**(3)** premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
**(4)** the fee for filing the notice of appeal.

Fed. R. App. P. 39(e).

**Taxation of Costs.**

A judge or clerk of any court of the United States may tax as costs the following:

**(1)** Fees of the clerk and marshal;
**(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
**(3)** Fees and disbursements for printing and witnesses;
**(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;
**(5)** Docket fees under section 1923 of this title;
**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Similarly, in *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir. 2002), the Eleventh Circuit found that the logic of *Marek* applied to Fed. R. App. P. 7:

> Federal Rule of Appellate Procedure 7 does not differ from Federal Rule of Civil Procedure 68 in any way that would lead us to adopt a different interpretive approach in this case than was embraced by the Supreme Court in *Marek*.

*Id.* at 1332.

We adopt the reasoning of the Second and Eleventh Circuits and apply *Marek* to its interpretation of "costs" under Fed. R. App. P. 7. As explained in *Adsani*, Fed. R. App. P. 39 does not define "costs" at all; rather, it merely lists which costs of appeal can be "taxed" by the district court if it chooses to order one party to pay costs to the other. *Adsani*, 139 F.3d at 74. Nor does 28 U.S.C. § 1920 purport to define "costs"; rather, it lists those costs that a court may properly "tax" for its own benefit.

Applying the Supreme Court's decision in *Marek* to the meaning of "costs" under Fed. R. App. P. 7 in Sams' case, we are required to determine what sums are "properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9. The district court noted that all of the various state and federal statutes asserted by the plaintiffs during the class actions could be considered in determining what sums were properly awardable. Corrected Order No. 82 at 11. Sams counters that her own suit was never certified as a class action, and that the sums awardable should therefore be determined by a reading of the statute that underlay her suit, Tenn. Code Ann. § 47-18-109. We agree that Sams' suit is not so broad as to include actions under federal law or under the laws of states other than Tennessee, so the question of which fees are properly awardable should be restricted to an examination of Tenn. Code Ann. § 47-18-109.

Under that section, however, not just attorney's fees, but *damages* are awardable to a prevailing defendant:

> (e)(1) Upon a finding by the court that a provision of this part has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs.

> (2) In any private action commenced under this section, *upon finding that the action is frivolous, without legal or factual merit*, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for *any damages incurred, including reasonable attorney's fees and costs.*

Tenn. Code Ann. § 47-18-109 (emphasis added).[4] The district court determined that Sams' objections to the proposed settlement, which she repeats on appeal, were "all without merit and border[ed] on frivolousness." Order No. 76 at 40. Accordingly, under the underlying statute, not only was the district court entitled to include in the bond amount attorney's fees, but it was entitled to include any other damages incurred, presumably including administrative costs.

*Marek*, *Adsani*, and *Pedraza* all dealt with fee-shifting provisions in federal statutes, while this case concerns the fee-shifting provision of a state law. However, because jurisdiction for Sams' action existed under 28 U.S.C. § 1332, and the Supreme Court has stated that Congress authorized only state law to be applied in such cases, *see Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the distinction between federal and

---

[4] Sams argues that because this statute distinguishes between "costs" and "attorney's fees," attorney's fees cannot be included as "costs" if the statute is to define the term under Fed. R. App. P. 7. However, that argument fails. *Marek* does not require that the underlying statute provide a definition for "costs." Rather, *Marek* requires a court to determine which sums are "properly awardable" under the underlying statute, and to include those sums as "costs" under the procedural rule. *Marek*, 473 U.S. at 9.

state law makes no difference in this circumstance; in either case, the underlying statute was sufficient to inform the definition of "costs" under Fed. R. App. P. 7.

Finally, although Sams has not argued that the court's factual findings regarding the projected attorney's fees or administrative costs were erroneous, she has argued that the district court erred in calculating the bond amount because it would have restricted her ability to appeal, contrary to federal law. *Lindsey v. Normet*, 405 U.S. 56, 77-79 (1972). The amount of the district court's bond amount is reviewed for abuse of discretion. *Federal Prescription Serv., Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 757 n.2 (D.C. Cir. 1980). Accordingly, Sams must demonstrate that the bond amount will constitute a barrier to her appeal.

A litigant cannot ignore an order setting an appeal bond without consequences to her appeal. In the instant case, Sams neither sought a stay in the district court, nor did she make a good faith proffer of a lesser amount, despite the fact that she concedes that at least $1,000 of the bond amount is legitimate. As noted earlier in this opinion, failure to secure an appeal bond can result in dismissal of the appeal. *Powers*, 329 F.2d at 508-09. When considering whether dismissal is appropriate, we look to factors such as the prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal. 5 Am. Jur. 2d *Appellate Review* § 359 (2004) (citing cases, including *Powers, supra.*) None of these factors weighs in Sams' favor. First, while the district court may have overstated the weakness of the substantive objections raised by Sams when it assessed them as "bordering on the frivolous," we agree they lack merit. Second, the pursuit of her objections has the practical effect of prejudicing the other injured parties by increasing transaction costs and delaying disbursement of settlement funds. Third, Sams made no effort in the district court to justify her failure to post the bond. Given these considerations, dismissal of the appeal is appropriate.

## III.

The order of the district court imposing the appeal bond at issue in appellate case number 03-2635 is **affirmed** and appeal number 03-2514 is **dismissed**.