File Name: 08a0315n.06

Filed: June 2, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Nos. 06-6528, 06-6543, 07-5158, 07-5560

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

JOEL FARRIS AND KRISTEN FARRIS,

    Plaintiffs-Appellees - Cross Appellants
[06-6528; 06-6542]
Plaintiffs-Appellees [07-5158; 07-5560],

v.

THE STANDARD FIRE INSURANCE
COMPANY,

    Defendant-Appellant - Cross Appellee
[06-6528; 06-6543]
Defendant-Appellant [07-5158; 07-5560]

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

_____/

Before:    BOGGS, Chief Judge, MARTIN, and SILER, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge. The Standard Fire Insurance Company appeals a jury award of damages in favor of Joel and Kristen Farris on their claims for breach of a homeowner's insurance contract and violation of the Tennessee Consumer Protection Act (TCPA). TENN. CODE ANN. § 47-18-104. The Farrises cross-appeal the district court's determination forcing them to elect between the breach of contract damages award and the TCPA damages award. Standard Fire also appeals the district court's determination that the supersedeas bond it posted to cover the jury award during the pendency of its appeal was insufficient. We AFFIRM the district

court in its rejection of Standard Fire's claims, including the supersedeas bond issue, and REVERSE the district court's decision forcing the Farrises to elect between breach of contract damages and TCPA damages.

I.

On August 18, 2003, Standard Fire issued a homeowner's insurance policy to the Farrises, covering their home in Nashville, Tennessee. On July 14, 2004, Nashville Electric Service negligently reconnected the electric power lines to the Farrises' home, causing severe damage. The entire electrical system of the house was either destroyed or rendered unsafe and had to be replaced. All of the appliances and electronics that were plugged in at the time were ruined, and the plumbing system to which the electrical system was grounded was severely damaged.

Due to a long delay in paying for the needed repairs, and due to what the Farrises perceived to be underhanded tactics by Standard Fire, they brought suit against Standard Fire alleging breach of their homeowner's insurance contract and violation of the Tennessee Consumer Protection Act. At trial, the Farrises submitted two categories of damages to the jury: (1) breach of contract damages consisting of the amount due and owing from the appraisal award for electrical repairs, the unpaid additional living expenses through the end of November 2005, and the amounts owed for the replacement value of the personal property destroyed by the electrical surge; and (2) TCPA damages based on amounts not recoverable under the contract. The TCPA damages consisted of interest on the home equity loan taken out to make repairs, the appraiser's and umpire's fee, the difference between the appraisal award for electrical repairs and the amount Standard Fire had already paid, and the loss of use of the Farrises' home from December 2005 through the end of May 2006. The breach

of contract damages asked for by the Farrises totaled $33,187.11, and the TCPA damages totaled

$15,433.62 plus the loss of use, which was submitted to the jury to determine. The Farrises also

argued that the breach of contract damages were recoverable under the TCPA because Standard Fire

had acted unfairly and deceptively in refusing to pay the claim.

Standard Fire submitted no countervailing proof of damages, and in fact submitted no

evidence at trial whatsoever. The jury found that (1) Standard Fire breached the contract, (2)

Standard Fire intentionally or willfully engaged in unfair or deceptive conduct that violated the

TCPA, and (3) that Standard Fire had acted in bad faith in denying payment to the Farrises. The jury

awarded $33,187.11 in damages for breach of contract, and $27,500 in TCPA damages.

II.

Standard Fire now appeals several legal decisions of the district court, but does not appeal

or challenge the factual determinations made by the jury. Specifically, Standard Fire argues that (1)

the district court erred in ruling that the Farrises' lawsuit was not brought prematurely in violation

of the policy language, (2) the district court erred in failing to dismiss the Farrises' statutory bad faith

claim, (3) the district court erred in failing to dismiss the Farrises' TCPA claim, (4) the district court

erred in awarding attorneys' fees, (5) the district court erred in ruling that the policy mortgagees were

not indispensable parties, (6) the district court erred in determining that the "appraisal" amount did

not determine coverage for dwelling repairs and additional living expenses as a matter of law, and

(7) the district court erred in ruling that the Farrises were not limited to 70% of any amount of

coverage. The Farrises cross-appeal, arguing that the district court erred in forcing them to elect

between breach of contract damages and TCPA damages.

We review *de novo* the trial court's conclusions of law and mixed questions of law and fact; questions of fact are reviewed for clear error. *U.S. ex rel. Augustine v. Century Health Services, Inc.*, 289 F.3d 409, 413 (6th Cir. 2002).

Briefly, we find that all of the issues raised by Standard Fire on appeal have no merit, and the district court is affirmed on each of these issues. Instead of wasting judicial resources on a laundry list of meritless claims, we focus on Standard Fire's challenge to the district court's disapproval of its original supersedeas bond pending appeal and the argument raised by the Farrises on their cross-appeal – whether the district court erred in forcing the Farrises to elect between breach of contract damages and TCPA damages.

1.        The Supersedeas Bond

Standard Fire appeals the district court's ruling on the sufficiency of its bond posted during the pendency of this appeal. After the jury's verdict, Standard Fire issued a bond for the full amount of the jury's award, described above. The Farrises objected to the sufficiency of this bond because it failed to provide for any future attorneys' fees and costs incurred on appeal. The district court granted the Farrises' motion to disapprove the bond, and Standard Fire filed an appeal to this Court, arguing that the bond was sufficient as it was issued and alternatively raising constitutional issues with what it called the district court's award of "future attorneys' fees." This is a canard. No court ever "awarded" future attorneys' fees; the court simply awarded a cost bond (also known as an "appeal bond" under FED. R. CIV. P. 7). *See Adsani v. Miller*, 139 F.3d 67, 70 n.2 (2d Cir. 1998). Although both bonds were labeled "supersedeas and cost bond," it is clear to us that the first bond

was a supersedeas bond (under FED. R. APP. P. 8 ensuring payment and staying proceedings for appeal), and the so-called "supplemental" bond was in fact a Rule 7 appeal bond. Appeals costs are allowed in a Rule 7 appeal bond. *See In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 818 (6th Cir. 2004) (bond in Tennessee Consumer Protection Act case properly included attorneys' fees incurred on appeal). Under *Cardizem*, the district court did not abuse its discretion in ordering prospective attorneys' fees to be included in the bond, and the order is therefore affirmed. *See id.* at 818 (abuse of discretion standard of review for amount of district court's bond order).

2.        Election of Remedies

At the conclusion of the trial, over the Farrises' objection, the district court required the Farrises to elect between their claim for breach of contract and their claim under the Tennessee Consumer Protection Act. The jury awarded the Farrises $33,187.11 in breach of contract damages, and $27,500 in TCPA damages. On their cross-appeal, the Farrises argue that the damages for these two causes of action were distinct, and thus no election of remedies should have been required by the district court. Standard Fire does not dispute the Farrises' claim on this issue.

The purpose of the doctrine of election of remedies is to prevent double recovery for a single wrong, and requires the plaintiff in such a scenario to choose one theory of recovery over another on which to proceed. *Concrete Spaces, Inc. v. Sender*, 2 S.W.3d 901, 906 (Tenn. 1999). However, a plaintiff may recover in tort and in contract so long as the damages for the two causes of action are distinct. *Barrett v. Vann*, Slip Op., 2007 WL 2438025, at *18 (Tenn. Ct. App., Aug. 29, 2007) ("Thus, allowing recovery for breach of contract and a TCPA violation will not run afoul of the

election of remedies doctrine so long as the plaintiff is not receiving double redress for the same

wrong." (internal quotation marks omitted)).

Clearly, because the breach of contract award was greater than the TCPA award, the breach

of contract damages must have included elements of wrongdoing that were not included in the TCPA

damages.  Thus the district court's decision to force the Farrises to elect between the two theories

of damages was in error.  At a minimum, the district court's error deprived the Farrises of the

difference between the breach of contract award and the TCPA award – $5,687.11.  Thus the award

should have been at least the treble TCPA damages plus the $5,687.11 – representing the minimum

contract damages not included in the TCPA award.  Of course, the district court's error could have

deprived the Farrises of the entire amount of the breach of contract damages.  However, at the

suggestion of the Farrises, in order to conserve judicial resources and to eliminate the need for a

remand on this issue and the unnecessary prolonging of this case that would entail, we hold that in

addition to the TCPA award, the Farrises are entitled to an additional $5,687.11 in breach of contract

damages.

## III.

Based on the foregoing, we find that none of Standard Fire's appeals in case nos. 06-6528,

06-6543, and 07-5158 have any merit, and therefore AFFIRM the district court on all of these issues.

We REVERSE the district court's decision forcing the Farrises to elect between breach of contract

damages and TCPA damages, and REMAND with instructions that the Farrises be awarded

$5,687.11 in breach of contract damages in addition to the trebled TCPA damages.  We also

AFFIRM the district court's decision regarding Standard Fire's supersedeas bond, and further

REMAND with instructions that the district court calculate and include attorneys' fees and costs

incurred on this appeal in the attorneys' fees and costs already awarded to the Farrises.