NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0002n.06

No. 17-5529

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PHARMACY CORPORATION OF AMERICA d/b/a PHARMERICA, et al., | ) ) ) | **FILED**<br>Jan 03, 2018<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | O R D E R |
| CONCORD HEALTHCARE GROUP, LLC, et al., | ) ) ) | |
| Defendants-Appellants. | ) ) | |

Before: BOGGS, CLAY, and DONALD, Circuit Judges.

On November 15, 2017, Plaintiffs moved this Court to dismiss this appeal on the grounds that Defendants had failed to comply with the district court's October 5, 2017 Order requiring them to post a bond for costs, pursuant to Fed. R. App. P. 7. The district court's Order stated that "an appeal bond is proper" and that "the bond may include Plaintiffs' appellate attorneys' fees." (R. 76, Order, PageID # 961.) The district court further ordered that "Defendants shall post a bond pursuant to Fed R. App. P. 7 in the amount of $30,000." (*Id.* at PageID # 962.) Over two months later, Defendants have failed to post the bond and have yet to indicate any intention to comply with the court's order.

Once a district court orders a party to post bond, "[a] litigant cannot ignore an order setting an appeal bond without consequences to her appeal." *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004). The failure to execute an appeal bond is grounds for

dismissal. *Id.*; *Powers v. Citizens Union Nat'l Bank & Trust Co.*, 329 F.2d 507, 508–09 (6th Cir. 1964). "When considering whether dismissal is appropriate, we look to factors such as the prejudice to the other parties, the demonstrated justification for the failure to post the bond, and the merits of the underlying appeal." *In re Cardizem*, 391 F.3d at 818 (citing 5 Am. Jur. 2d *Appellate Review* § 359 (2004)). In this case, we conclude that Defendants have provided no justification at all for their failure to post the bond. We further conclude that Plaintiffs will be significantly prejudiced by Defendants' failure to pay the bond, given Plaintiffs' thus far unsuccessful attempts to recover funds owed by Defendants under a settlement agreement. Accordingly, we find that the applicable factors weigh heavily in favor of granting the motion to dismiss.

Defendants do not dispute that they have failed to comply with the district court's order to post an appeal bond. Instead, they make two arguments, neither availing. First, they assert that the district court's order "did not provide a deadline by which the Defendants should post their bond." (Brief for Appellants at 2.) Although Rule 7 does not provide a time period by which a party must post a bond, it obviously requires compliance at some point. And in the absence of a specified time period, we presume that an order pursuant to Rule 7 must be complied with in a reasonable amount of time. An analogous federal rule provides fourteen days after entry of the order granting permission to appeal to file a cost bond if one is required under Rule 7. *See* Fed. R. App. P. 5(d). Moreover, Defendants have not indicated any intention to *ever* post the appeal bond. Thus, their argument fails.

Defendant's second argument is that "the appeal is fully briefed with no further steps required prior to this Court's considered decision." (Brief for Appellants at 2.) Therefore, they argue, "PharMerica will not incur further costs required by the appeal, unless this Court

determines to hear the matter upon oral argument." (*Id.*) This argument obviously does nothing to explain Defendants' noncompliance with the district court's order. In addition, it is meritless; not only will Plaintiffs incur additional costs for oral argument, but the payment of the bond would protect Plaintiffs with regard to costs that have already been incurred during the pendency of this appeal. Thus, this argument fails as well.

NOW, THEREFORE, for the reasons set forth above, the Court hereby orders that the appeal is dismissed without prejudice.

IT IS SO ORDERED.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk