**Dennis Lee MAXBERRY, Plaintiff–Appellant,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Defendant–Appellee.**

No. 88–4005.

United States Court of Appeals, Sixth Circuit.

Submitted May 15, 1989.

Decided July 14, 1989.

. Before MERRITT and KRUPANSKY, Circuit Judges, and HILLMAN, Chief District Judge.*

PER CURIAM.

Dennis Lee Maxberry appeals the district court's judgment dismissing his civil action construed to be filed under the Securities Act of 1933 and the Securities Exchange Act of 1934. The appeal has been referred to a panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the certified record and briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

■ Maxberry claimed that the Securities and Exchange Commission violated the 1933 and 1934 Acts when it refused to register his corporation, intentionally misinformed him, altered the identity of his corporation, used his corporation's name for profit and injured him through unwarranted publicity. The district court dismissed the action as frivolous under 28 U.S.C. § 1915(d). On appeal, Maxberry asserts the same arguments that he asserted in the district court.

Upon consideration, we affirm the district court's judgment as Maxberry's suit clearly lacks an arguable basis in law under the 1933 and 1934 Acts. *Cf. Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 195, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976). *See also Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986).

■ We also note that this appeal represents Maxberry's nineteenth appeal to this court within the last two years; and like fifteen of the other appeals, it is being summarily disposed of as unsubstantial.[1]

Dennis Lee Maxberry, Cincinnati, Ohio, pro se.

Allison D. Garrett, Washington, D.C., J. Michael Crites, U.S. Atty., Office of the U.S. Atty., Cincinnati, Ohio, for S.E.C.

* The Honorable Douglas W. Hillman, Chief U.S. District Judge for the Western District of Michigan.

1. *See Maxberry v. Fifth Third Bank,* 853 F.2d 926 (Table) (No. 87–3546) (1988); *Maxberry v. True Church of Jesus Christ,* 842 F.2d 332 (Table) (No. 87–3486) (1988); *Maxberry v. Legal Section of Credit Bureau of Cincinnati,* 838 F.2d 471 (Table) (No. 87–3708) (1988); *Maxberry v. Arn's Packaging Co.,* 837 F.2d 476 (Table) (No. 87–3707) (1988); *Maxberry v. Coalition for the Homeless,* 829 F.2d 1126 (Table) (No. 87–3335) (1987); *Maxberry v. Spendthrift Union for University of Kentucky,* 826 F.2d 1064 (Table) (No. 87–5139) (1987); *Maxberry v. Eastern Plasma of Ohio,* 826 F.2d 1064 (Table) (No. 87–3022) (1987); *Maxberry v. Ohio Bd. of Regents,* 826 F.2d 1064 (Table) (No. 87–3141) (1987); *Maxberry v. Ameritrust Bank,* 826 F.2d 1064 (Table) (No. 87–3326) (1987); *Maxberry v. Provident Bank,* 826 F.2d 1064 (Table) (No. 87–3021) (1987); *Maxberry v. Fridman,* 826 F.2d 1064

The other three appeals were dismissed for lack of jurisdiction.[2]

In addition, in each of his previous appeals, as in this appeal, Maxberry was permitted to proceed *in forma pauperis.* We now conclude that this history of unsubstantial and vexatious litigation is an abuse of the permission granted to him to proceed as a pauper in good faith under 28 U.S.C. § 1915(d). As the United States Supreme Court recently noted in *In re McDonald,* —— U.S. ——, 109 S.Ct. 993, 996, 103 L.Ed. 2d 158 (1989) (per curiam), "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." The continual processing of Maxberry's baseless appeals, like that of the petitions in *McDonald,* simply does not promote this end. *See also Wrenn v. Benson,* —— U.S. ——, 109 S.Ct. 1629, 1631, 104 L.Ed.2d 80 (1989).

Accordingly, we hereby direct the Clerk of this Court to refuse to accept any further filings from Maxberry in which he seeks to proceed *in forma pauperis* on appeal from judgments dismissing any of his civil suits. Maxberry may proceed on appeal only if he submits the required docketing fee in compliance with Fed.R. App.P. 3 and the Rules of the Sixth Circuit. In addition, we hereby affirm the district court's judgment dismissing the present action. Rule 9(b)(5), Rules of the Sixth Circuit.

---

(Table) (No. 87–3336) (1987); *Maxberry v. First Nat'l Bank,* 826 F.2d 1064 (Table) (No. 87–3090) (1987); *Maxberry v. State of Kentucky,* 815 F.2d 78 (Table) (No. 86–5083) (1987); *Maxberry v. Chase Bank of Ohio,* 826 F.2d 1064 (Table) (No. 87–3140) (1987); *Maxberry v. Southern Ohio College,* 829 F.2d 1126 (Table) (No. 87–3514) (1987).

2. *See Exquisite Star Tours Equity, Inc. by Maxberry v. Department of Treasury, IRS,* 865 F.2d 257 (Table) (No. 88–4001) (1988); *Maxberry v. McDonald's Corp.,* 815 F.2d 704 (Table) (No. 87–3020) (1987); *Maxberry v. United States Army Review Bd.,* 815 F.2d 704 (Table) (No. 87–3019) (1987).