888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
CHALLENGER COMMUNICATIONS SYSTEMS, INC., Defendant-Appellee.
 No. 89-3499.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT M. DEMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff May appeals from the district court's order denying May's motion for relief from judgment in this civil rights case. 42 U.S.C. Secs. 1981, 1982, 1983, 1985(3), and 2000e-2 (1982). May moves to certify a question of law to the United States Supreme Court under 28 U.S.C. Sec. 1254(3) (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The district court initially dismissed the complaint in this case as repetitive of another case in which May failed to pay the filing fee. This court affirmed that decision. May then filed his motion for relief from judgment under Fed.R.Civ.P. 60(b). The motion did not present any valid arguments challenging the finding of repetitiveness. The district court denied the motion.
 
 
 4
 The standard on review is abuse of discretion. Peake v. First National Bank and Trust Co., 717 F.2d 1016, 1020 (6th Cir.1983). This panel concludes that the district court did not abuse its discretion when it denied the motion for relief from judgment.
 
 
 5
 In an order dated February 28, 1989, this court imposed a $15.00 partial filing fee upon May. May v. Warner Amex Cable Communications, Nos. 88-3802/4029 (6th Cir. Feb. 28, 1989). That order contained a warning that if May continued his vexatious litigation his right to proceed as a pauper would be revoked. See 28 U.S.C. Sec. 1915(a) (1982).
 
 
 6
 May has continued his vexatious litigation. Since February 28, 1989, May has filed seven appeals and two petitions for writs of mandamus. Four of the appeals involve the denial of motions for relief from judgment. The other three appeals involve defendants previously sued by May. May has also continued filing numerous repetitive motions concerning the appointment of counsel, the certification of questions to the Supreme Court, and for reconsideration.
 
 
 7
 A plaintiff's history of unsubstantial and vexatious litigation justifies revocation of his ability to proceed in forma pauperis under 28 U.S.C. Sec. 1915(a). Maxberry v. SEC, 879 F.2d 222, 223-24 (6th Cir.1989) (per curiam). Therefore, this court permanently revokes May's pauper status. He must pay the full filing fee on every appeal and every original action in this court. Under our supervisory powers, we also authorize the district court to enter a similar order regarding cases in that court. The district court may also require a costs bond under Fed.R.App.P. 7, in the appropriate cases. We warn May that failure to file such a bond may result in the dismissal of an appeal. Powers v. Citizens Union Nat'l Bank & Trust Co., 329 F.2d 507, 508-09 (6th Cir.1964) (per curiam).
 
 
 8
 The motion to certify a question of law to the United States Supreme Court is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. May's right to proceed in forma pauperis is permanently revoked.
 
 
 
 *
 The Honorable Robert M. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation