898 F.2d 155
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellant,
v.
George F. DENTON, Director; Neil Kette, Supt., Defendants-Appellees.
 Nos. 89-3454, 89-3978.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 
 ORDER
 
 2
 Pearly Wilson is a pro se Ohio prisoner who appeals the district court's denial of a motion for relief from judgment that he filed under Fed.R.Civ.P. 60(b). Wilson also appeals the district court's assessment of sanctions against him under Fed.R.Civ.P. 11. These appeals have been consolidated and Wilson's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1976, Wilson initiated a prison conditions suit under 42 U.S.C. Sec. 1983. In 1979, the district court entered a consent decree that resolved all of the issues in the case except one. Wilson's claim that he was entitled to damages because he had not received proper medical care for an injury to his hand was severed from the rest of the case. On August 6, 1985, the district court granted the defendants' motion for summary judgment on this issue. This court affirmed that judgment on October 31, 1986, and the United States Supreme Court denied Wilson's petition for certiorari on February 23, 1987.
 
 
 4
 Wilson then filed a motion to alter or amend the judgment under Fed.R.Civ.P. 60(b)(6). On March 31, 1988, the district court entered an order that denied Wilson's motion. At that time, the court also denied the defendants' motion for Rule 11 sanctions. This court affirmed the district court's order on October 19, 1988 and denied Wilson's motion for reconsideration on December 9, 1988. The Supreme Court denied certiorari on February 21, 1989.
 
 
 5
 Wilson then filed his second motion under Rule 60(b). The defendants again moved for sanctions and, on May 17, 1989, the district court entered an order that denied Wilson's motion and granted the defendants' motion for sanctions under Rule 11. The court subsequently ordered Wilson to pay the defendants $200.00 for their attorney's fees. It is from these orders that Wilson now appeals.
 
 
 6
 The district court properly denied Wilson's most recent motion under Rule 60(b)(3) and (b)(6). First, Wilson's allegation of fraud under section (b)(3) was not made within one year of the date of judgment as required by the rule. See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir.1981), cert. denied, 455 U.S. 942 (1982). Moreover, there is nothing in the record to suggest that there was a fraud upon the court. Wilson's argument that he did not authorize the settlement of his damage claims misapprehends the procedural history of his case. These claims were severed by the district court more than a year before the entry of the consent decree pursuant to an amicus curiae motion that was filed by the U.S. Department of Justice. The agreed order that was signed by counsel after the consent decree preserved Wilson's right to proceed with his case and restricted the defendants' ability to object to Wilson's evidence on the ground that it related to the issues that had been adjudicated by the decree. The entry of this order evidences careful lawyering on Wilson's behalf rather than fraud.
 
 
 7
 Nevertheless, the district court granted the defendants' motion for summary judgment because it found that the uncontroverted facts simply did not support Wilson's claim for damages. That decision has been extensively reviewed by the district court and by this court as well. The Supreme Court has twice declined further review of this claim. Under these circumstances, it cannot be said that the district court abused its discretion in denying Wilson's second motion under Rule 60(b).
 
 
 8
 Moreover, it was appropriate for the district court to assess sanctions of $200.00 in this case under Fed.R.Civ.P. 11. In reviewing the imposition of Rule 11 sanctions, this court looks "to see whether the district court judge abused his discretion in finding plaintiff's conduct to have been unreasonable under the circumstances." LeMaster v. United States, 891 F.2d 115, 118 (6th Cir.1989). It was not an abuse of discretion for the district court to impose sanctions against Wilson for attempting to relitigate his claim for damages when that issue had repeatedly been decided against him. Cf. Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir.1988); Hewitt v. Sperl, 798 F.2d 1230, 1233 (9th Cir.1986). In addition, the record belies Wilson's argument that sanctions were imposed because the judge was biased. Indeed, the district court denied the defendants' first motion under Rule 11 even though sanctions might already have been appropriate at that time.
 
 
 9
 In dismissing an unrelated case, a different judge was compelled to observe that "Wilson's habitual filing informa (sic) pauperis in federal court constitutes an abuse of process." Wilson v. American Tobacco Co., Nos. C2-87-1069/C2-87-1075/C2-87-1219 (S.D.Ohio, Sept. 20, 1989). Our own records indicate that Wilson has filed over 70 cases with this court since 1976. At least 24 of those cases have been filed in the last two years. Almost all of these filings have been either frivolous or premature.
 
 
 10
 Requiring Wilson to pay a partial filing fee may discourage frivolous litigation in the future. Several other circuits have considered this issue and have decided that the payment of partial fees was appropriate under similar circumstances. See In re Epps, 888 F.2d 964, 967 (2d Cir.1989) (citing In re Williamson, 786 F.2d 1336, 1339-41 (8th Cir.1986); Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983); Bullock v. Suomela, 710 F.2d 102, 103 (3d Cir.1983); Smith v. Martinez, 706 F.2d 572, 574 (5th Cir.1983); Evans v. Croom, 650 F.2d 521, 522-23 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982); cf. Zaun v. Dobbin, 628 F.2d 990, 993 (7th Cir.1980) (non-prisoner, pro se litigants)). In addition, separate panels of our own court have recently issued unpublished orders which required partial filing fees from at least two other abusive litigants. Bond v. Hood, No. 89-5841 (6th Cir. Nov. 21, 1989); May v. Warner Amex Cable Communications, Nos. 88-3802/88-4029 (6th Cir. Feb. 28, 1989).
 
 
 11
 Wilson's most recent in forma pauperis applications indicate that the balance of his prison account fluctuates between fifty cents and five dollars. Therefore a $3.00 filing fee would encourage Wilson to be appropriately selective in his future litigation without creating a de facto bar to his access to the court. Wilson is also advised that his ability to proceed in forma pauperis may be further restricted if he continues to file frivolous cases in this court. See Maxberry v. S.E.C., 879 F.2d 222, 224 (6th Cir.1989).
 
 
 12
 Accordingly, Wilson's request for counsel is hereby denied and the district court's order is affirmed because the allegations in Wilson's second motion for post judgment relief are untimely, repetitious and substantively without merit. The district court's imposition of Rule 11 sanctions was reasonable and is affirmed for these same reasons. Rule 9(b)(5), Rules of the Sixth Circuit. In addition, the Clerk is directed to require a partial filing fee of $3.00 from Wilson in each appeal or original action that he files in this court in the future.
 
 
 
 *
 The Honorable Paul V. Gadola, U.S. District Judge for the Eastern District of Michigan, sitting by designation