919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas ROBINSON, Plaintiff-Appellant,
v.
Sam PURSES, Mayor, City of Canton, et al., Defendants-Appellees.
 No. 90-3406.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and BALLANTINE, Chief District Judge*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's order denying leave to proceed without prepayment of fees in the district court. He moves for appointment of counsel and requests in forma pauperis status on appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Thomas Robinson sought to file two actions in the district court and submitted two applications for leave to proceed without prepayment of fees. He alleged that he had not worked since 1984, that he had received no income from any source during the preceding twelve months, and that his only property was an automobile valued at $250. He makes reference in his brief in connection with this appeal to "fixed income once a month" without specifying the amount or source. This indication is itself inconsistent with his statement of poverty reflecting no income whatever during the past twelve months.
 
 
 4
 In reviewing the applications, the district court took judicial notices of its records. See United States v. Doss, 563 F.2d 265, 269 n. 2 (6th Cir.1977). The district court noted that in a previous application, plaintiff reluctantly revealed to the magistrate that he received a monthly social security check, but failed to fulfill the magistrate's request for specific information regarding income and expenses. In light of the discrepancies and in the absence of any explanation, the district court concluded that the allegation of poverty was untrue.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by denying the requests for pauper status. The privilege of proceeding as a pauper is not absolute and may be denied to parties with a history of abusive, frivolous or malicious litigation. See In re MacDonald, 489 U.S. 180, 109 S.Ct. 993, 996 (per curiam); Maxberry v. S.E.C., 879 F.2d 222, 224 (6th Cir.1989) (per curiam). Additionally, the district court may deny pauper status upon a determination that the allegation of indigence is untrue. 28 U.S.C. Sec. 1915(d). The burden is upon the applicant to establish in forma pauperis status.
 
 
 6
 Accordingly, the request for in forma pauperis status is granted for the limited purpose of resolution of this appeal. The request for appointment of counsel is denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 THE HONORABLE THOMAS A. BALLANTINE, Chief Judge, United States District Court for the Western District of Kentucky, sitting by designation