920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carson Lynn BROWN, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Raymond G. Toombs, Craig Hutchinson,
M.D., Donald Mason, Raymond Palmer, Dan Bolden, Marjorie
Vanochten, Frank Williams, Peter Vidor, Z. Tyszkiewicz, Ada
Martin, James Meinke, Gerald Greer, Brenda Rockafellow,
Karen Swan, Robert Switzer, Denise Trierweiler, Joy
Prelesnik, Patricia Norwood, Dennis Davis, Debra Watkins,
Robert Mulvaney, Tom Ward, R. Cole Bouck, Defendants-Appellees.
 No. 90-1370.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before MERRITT, Chief Judge, and NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 and imposing sanctions under Fed.R.Civ.P. 11; he requests the appointment of counsel. The matter has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Carson L. Brown alleged that defendants, Michigan state prison officials and prison staff at the Ionia (Michigan) Correctional Facility, deprived him of his constitutional rights. Principally, he alleged that the "Behavior Modification Level System" violates his due process and equal protection rights. Additionally, he alleged numerous eighth amendment violations including the denial of outdoor exercise, inadequate clothing, the lack of psychological services and inadequate medical care. He also alleged that defendants interfered with his right of access to the courts and placed him on grievance restriction status without a hearing. Finally, he alleged that defendants were motivated by racial bias. Brown sought monetary and declaratory relief and an injunction banning the implementation of the "Behavior Modification Level System."
 
 
 3
 Defendants filed a motion to dismiss on grounds of res judicata and to impose sanctions under Fed.R.Civ.P. 11. The district court agreed with defendants' assertion that the subject complaint filed in the Western District of Michigan was virtually identical to a complaint filed in the Eastern District of Michigan. See Brown v. Brown, No. 89-60010 (E.D.Mich. filed Jan. 13, 1969), appeal dismissed, No. 89-2408 (6th Cir. June 8, 1990). The complaint was dismissed and sanctions were imposed.
 
 
 4
 Upon consideration of the record and the briefs, we conclude that the principles of res judicata do not apply because there exists no identity of issues and parties and the prior lawsuit was not yet decided on the merits. See King v. South Cent. Bell Tel. & Tel. Co., 790 F.2d 524, 528 (6th Cir.1986).
 
 
 5
 Nevertheless, the district court's judgment of dismissal may be affirmed in part on other grounds. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1983) (per curiam).
 
 
 6
 To the extent plaintiff sought monetary damages against defendants in their official capacity, his claims were properly dismissed. Defendants are not subject to suit for damages under 42 U.S.C. Sec. 1983 in their official capacity. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). However, the defendants are subject to suit to the extent plaintiff sought monetary damages from them in their individual capacity. Id. and n. 10. For this reason, the suit must be remanded for further consideration by the district court.
 
 
 7
 To the extent plaintiff sought declaratory and injunctive relief, his claims are moot because he is no longer incarcerated at the Ionia facility. See, e.g., Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).
 
 
 8
 Brown also appeals the imposition of sanctions under Fed.R.Civ.P. 11. Sanctions were imposed after the district court determined that the claims were repetitious and malicious. The district court noted that, although Brown did not yet know the outcome of the Eastern District action when he filed his suit in the Western District, he was aware of the similarity of allegations.
 
 
 9
 We conclude that the district court abused its discretion by imposing sanctions. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988). Contemporaneous filings of substantially similar actions are not grounds for sanctions under Rule 11. However, if upon remand, the district court determines that Brown has abused his status as a pauper, appropriate measures may be taken. The district court is empowered to impose a partial filing fee or revoke in forma pauperis status where the litigant has a history of frivolous or malicious litigation. See Maxberry v. SEC, 879 F.2d 222, 223-24 (6th Cir.1989) (per curiam).
 
 
 10
 Accordingly, we deny the request for the appointment of counsel and affirm the district court's judgment in part, for the foregoing reasons, and vacate the judgment and remand the case for further consideration of plaintiff's monetary claims asserted against the defendants in their individual capacity and for consideration of possible sanctions against plaintiff as an abusive pauper. Rules 9(b)(5) and (6), Rules of the Sixth Circuit.