9 F.3d 108
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl C. NEWMAN, Plaintiff-Appellant,
v.
CLEVELAND POLICE DEPARTMENT, et al., Defendants-Appellees.
 No. 93-3376.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Carl Newman (Newman) has filed a motion for leave to proceed on appeal in forma pauperis, and in his brief he has sought the appointment of counsel. The appellees have filed a notice indicating that they will not be filing a brief on appeal. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Newman filed a personal injury and 42 U.S.C. Sec. 1983 complaint seeking monetary damages against numerous defendants. He stated that he was convicted of carrying a concealed weapon which deprives him of his right to bear arms, the right to enlist in the United States military, and the loss of consequential employment of being an armed security officer. He stated that his conviction was a result of being issued a gun owner's identification card instead of a permit to carry a handgun. Newman alleged that he notified all of the defendants regarding the mistake in issuing an identification card but that they failed to take action in the matter. He also filed a motion to amend the complaint to add as a defendant a store security officer who testified against him at his criminal trial.
 
 
 3
 The district court granted a Fed.R.Civ.P. 12(b)(6) motion to dismiss on the basis that judges and prosecutors have immunity and on the basis that the complaint failed to state a claim as to the remaining defendants. The district court also denied leave to amend the complaint on the basis that the store security officer, as a witness, also had immunity.
 
 
 4
 Newman filed a brief and supplemental brief in which he argues that the district court failed to follow this court's prior decision in appeal No. 91-3166 by awarding the damages he sought. He also requested appointment of counsel and permission to sue individuals "responsible since 1975 to the present 1993."
 
 
 5
 Whether the district court correctly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador, 902 F.2d at 475; Dana Corp., 900 F.2d at 885.
 
 
 6
 In the instant case, Newman asserted that he brought to the attention of the defendants the alleged mistake in failing to issue the proper card to carry a gun, but that the defendants failed to do anything about it. It is assumed that Newman sued the judges and prosecutors because he was tried and convicted of the felony. However, judges and prosecutors are absolutely immune from suit on claims arising out of the performance of their duties. Cleavinger v. Saxner, 474 U.S. 193, 200 (1985); Stump v. Sparkman, 435 U.S. 349, 364 (1978); Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976); Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Moreover, the district court correctly held that there is no express constitutional right of an individual to possess a firearm. United States v. Warin, 530 F.2d 103, 106 (6th Cir.), cert. denied, 426 U.S. 948 (1976), cited with approval in United States v. Cassidy, 899 F.2d 543, 549 n. 12 (6th Cir.1990). More than the vague or conclusory allegations made by Newman are necessary to withstand a Fed.R.Civ.P. 12(b)(6) motion to dismiss. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987). It is clear that plaintiff can prove no set of facts that would entitle him to relief against the defendants.
 
 
 7
 Although the decision to dismiss is subject to de novo review, the district court's decision to dismiss the case with prejudice is subject to an abuse of discretion standard of review. See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir.1990). As previously mentioned, the complaint is vague and conclusory allegations are made. The district court properly noted that, if Newman seeks to remedy his conviction, he should do so in the state court by way of an appeal or post-conviction motion. The district court does not appear to have abused its discretion in dismissing the case with prejudice.
 
 
 8
 The portion of the decision denying the motion to amend the complaint is also reviewed under an abuse of discretion standard. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 591 (6th Cir.1990). The store security guard testified in the criminal trial how he had observed Newman, asked him about an ID for the gun which he noticed under Newman's jacket, patted him down, and removed a loaded .32 caliber weapon. Based on this testimony, Newman alleged that the witness conspired to violate his constitutional rights and committed perjury. Leave to amend should not be granted where it is clear as a matter of law that the plaintiff cannot obtain the relief he seeks. Banque de Depots v. National Bank of Detroit, 491 F.2d 753, 757 (6th Cir.1974). Witnesses in judicial proceedings are immune from civil liability. Macko v. Byron, 760 F.2d 95, 97 (6th Cir.1985). Therefore, the district court did not abuse its discretion in denying the motion to amend the complaint.
 
 
 9
 In Newman's brief on appeal, he argues that the district court failed to comply with this court's decision in appeal No. 91-3166 and failed to award him the damages he sought. He has misread the decision in that case entered by Judges Kennedy, Guy and Engel as a ruling in his favor on the merits. That case was an appeal from the district court's order denying leave to proceed in that court in forma pauperis based on the fact that he had raised the same allegations in two prior complaints. This court vacated and remanded the decision of the district court, directing that pauper status in the district court be determined on whether plaintiff was indigent and that, once such determination was made, the district court could dismiss the case pursuant to 28 U.S.C. Sec. 1915(d) if the claims turned out to be frivolous. Such decision of this court did not rule on the merits of the complaint, or direct the district court to find in Newman's favor. Therefore, Newman's argument as to the failure to comply with the decision in appeal No. 91-3166 by awarding him damages is without merit.
 
 
 10
 To date, Newman has filed a total of 19 appeals in this court. Although 16 of those appeals were dismissed for lack of appellate jurisdiction, the underlying merits in all 19 appeals appear to have been frivolous. Many of the complaints in the district court were just attempts to relitigate prior cases decided against him, and, in most instances, the district court judge who decided the prior case was included as a defendant in the new action for having ruled against Newman in the prior case. Newman has filed appeals alleging that his felony conviction was improper (appeal Nos. 91-3166, 92-3609, 92-3777, 92-3782, 92-3783, 92-3784, and 93-3376); that he was improperly denied enlistment in the military based on the felony conviction (appeal Nos. 92-3781, and 92-3816); that newly hired postal employees failed to receive the same benefits as career workers (appeal Nos. 92-3614, and 92-3777); that he was subjected to medical malpractice (appeal No. 92-3754); that he was not provided with government funds to buy a home (appeal No. 92-3755); that he was denied public assistance (appeal No. 92-3756); that there was fraud in an educational services contract (appeal No. 92-3776); that he was improperly required to provide high school and prior college transcripts when enrolling in college (appeal Nos. 92-3778, and 92-3808); and that he was denied grants to attend college (appeal Nos. 92-3780 and 92-3809). Newman's history of unsubstantial and vexatious litigation justifies revocation of his ability to proceed in forma pauperis under 28 U.S.C. Sec. 1915(a) in this court. See Maxberry v. SEC, 879 F.2d 222, 223-24 (6th Cir.1989) (per curiam). The district court's order in civil action No. 1:92 CV 420 was sufficient notice to Newman as to the frivolous nature of his actions.
 
 
 11
 It is ORDERED that pauper status be granted for the limited purpose of deciding this appeal, the judgment of the district court be affirmed, and the request for appointment of counsel be denied. Rule 9(b)(3), Rules of the Sixth Circuit. Pauper status is also permanently revoked, and Newman is required to pay the full filing fee on every appeal and every original action in this court.