69 F.3d 537
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patrick J. CRAGIN and Judith M. Cragin, Plaintiffs-Appellants,
v.
COMERICA MORTGAGE COMPANY, Defendant-Appellee.
 No. 94-2246.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Patrick and Judith Cragin appeal pro se from a district court judgment that denied their motion for a temporary restraining order and dismissed a civil case which they brought under Article IV, Sec. 3, Clause 2 of the United States Constitution and an Act of Congress that was the distant precursor of 43 U.S.C. Sec. 15. Their appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In their complaint, the Cragins sought injunctive relief that would prevent the appellee from foreclosing on a mortgage that it held on their home. In support, they submitted land patent and homestead declarations which they had executed and filed themselves. On November 1, 1994, the district court denied the Cragins' motion for a temporary restraining order and dismissed the case for lack of subject matter jurisdiction. The court found that the documents the Cragins had submitted did not evince a patent or grant by the United States, that the case did not involve public land and that the issue raised involved a mortgage, rather than the title to property. It is from this judgment that the Cragins now appeal.
 
 
 3
 This court conducts a de novo review of the district court's decision to dismiss a case for lack of subject matter jurisdiction. Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir.1993). However, the district court's factual determinations regarding jurisdiction are reviewed for clear error. Id.
 
 
 4
 The Cragins alleged jurisdiction based on federal statutory and constitutional law. See 28 U.S.C. Sec. 1331. However, Article IV, Sec. 3, Clause 2 of the Constitution does not provide a jurisdictional basis for this action, as it merely authorizes Congress to dispose of and to make rules and regulations regarding territory and property that belongs to the United States. The Cragins apparently argue that federal jurisdiction arises under 43 U.S.C. Sec. 15, because they are heirs or assignees of the United States by virtue of the original land grant which divested federal property to the State of Michigan. This argument is completely lacking in merit. See Hilgeford v. Peoples Bank, 776 F.2d 176, 178-79 (7th Cir.1985) (per curiam), cert. denied, 475 U.S. 1123 (1986). Moreover, 28 U.S.C. Sec. 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts. See Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 131 (5th Cir.1990).
 
 
 5
 The appellee now argues that this court should impose sanctions against the Cragins for filing a frivolous appeal. We will deny this request; however, the Cragins are advised that sanctions may be imposed in the future if they continue to file frivolous appeals. See Fed.R.App.P. 38; Maxberry v. SEC, 879 F.2d 222, 223-24 (6th Cir.1989) (per curiam).
 
 
 6
 Accordingly, the appellee's request for sanctions is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.