79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bo GUESS, Plaintiff-Appellant,
v.
Terry COLLINS, Warden, Defendant-Appellee.
Bo GUESS, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Defendant-Appellee.
 Nos. 95-3920, 95-3921.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 1
 Before: NELSON and SILER, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Bo Guess, a pro se Ohio state prisoner, appeals orders of the district court denying his applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Guess filed two complaints accompanied by applications for pauper status in the District Court for the Southern District of Ohio, Western Division, at Cincinnati. Initially, upon review of his prison account statement, the applications for pauper status were denied and Guess was ordered to submit a partial filing fee equal to fifteen percent of his six month balance. Guess moved for reconsideration of these orders. On reconsideration, the district court again denied pauper status, but this time in deference to a general order of the judges of the Eastern Division of the Southern District of Ohio, at Columbus, which provided that no further in forma pauperis complaints would be accepted from Guess unless accompanied by certification from an attorney that the complaint complied with the Rules of Civil Procedure and stated a claim. This order had been entered in response to a history of abuse of pauper status by Guess, including the filing of numerous frivolous lawsuits and pleadings containing threats of violence and profanity. This court affirmed that general order in Case No. 95-3334.
 
 
 4
 Upon review of the district court's orders in these cases denying Guess pauper status, we find no abuse of discretion. See Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988). The filing of these complaints in Cincinnati was a transparent attempt to circumvent the general order issued by the District Court judges in Columbus. Accordingly, the district court properly deferred to that order.
 
 
 5
 Moreover, we find that the record of vexatious and unsubstantial appeals from Guess to this court requires a similar order to protect this court's resources from his abuse of pauper status. See Maxberry v. SEC, 879 F.2d 222, 224 (6th Cir.1989) (per curiam). Guess has filed twenty-eight appeals in this court in 1995, none of which have been found to be meritorious. In eleven of his cases, applications for pauper status were denied on the basis of frivolity. In most of those cases, Guess also moved for reconsideration, thus further abusing the court's resources. Nine other cases were dismissed due to lack of jurisdiction, want of prosecution, or voluntary dismissal. A petition for mandamus and an application for a certificate of probable cause were also denied. Also, as noted above, this court affirmed the general order of the District Court in Columbus. It is also noted that Guess has continued his practice in this court of filing pleadings containing threats of physical violence to the defendants, the district courts, the personnel of this court, and the general public.
 
 
 6
 Accordingly, we direct the Clerk of this Court to refuse to accept any further filing from Guess in which he seeks to proceed in forma pauperis on appeal from a judgment in any civil action. In addition, we affirm the orders of the district court denying the applications to proceed in forma pauperis below. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation